**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Republic of Kazakhstan, | No. MC-19-00035-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| William Scott Lawler, | |
| Respondent. | |

Pending before the Court is the Republic of Kazakhstan's Motion for Leave to File Documents Under Seal. (Doc. 4.) For the reasons stated below, the motion is denied without prejudice.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks

omitted). The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).

The Republic of Kazakhstan initiated this case by filing an application under 28 U.S.C. § 1782 for a subpoena to compel an Arizona resident to testify in, and produce certain evidence concerning, a pending international investor-state arbitration. (Doc. 1.) That application, however, is heavily redacted. (*Id.*) In the motion to seal, the Republic of Kazakhstan seeks to seal the unredacted version of the application and its 14 exhibits, which together total 273 pages. (Doc. 4.) The motion is very short and identifies, in perfunctory fashion, two reasons why sealing is appropriate: (1) the arbitration is confidential and (2) the documents are "sensitive." (Doc. 4 at 2.)

These arguments are insufficient. Whatever the nature of the underlying arbitration, the Court must determine whether the documents sought to be sealed in *this* case, currently pending before the Court—indeed, the application that forms the basis of the case and its supporting exhibits—meet the *Kamakana* standard. The Republic of Kazakhstan has not attempted to "*articulate compelling reasons* supported by *specific factual findings* that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (emphasis added); *see also* LRCiv 5.6(b) ("Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal . . . ."). Indeed, multiple courts have recognized that arbitration-related documents should not automatically be allowed to be filed under seal simply because the underlying proceeding is, in some sense, confidential. *See, e.g., Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, 2014 WL 2758756, *3 (N.D. Cal. 2014) ("OBC also seeks to seal the interim and final arbitration awards . . . [because] the awards are to remain confidential subject to limited exception according to the governing International Arbitration Rules and order of the Arbitration Panel. The fact that parties agreed to the confidentiality of certain documents, however, does not alone constitute a compelling reason to seal them. . . . OBC's motion to seal the

| | |
|---|---|
| 1 | interim and final arbitration awards is denied without prejudice.") (citations omitted); |
| 2 | *Markel Am. Ins. Co. v. Internet Brands, Inc.*, 2017 WL 10433991, *5 (C.D. Cal. 2017) |
| 3 | ("Defendants assert that the substance of the underlying arbitration proceedings, including |
| 4 | the findings of the arbitrator, were kept strictly private by all parties involved, and thus |
| 5 | should not be made public in this action. Essentially, Defendants' position boils down to |
| 6 | the assertion that because the matter is a business matter that thus far has been kept secret, |
| 7 | it should continue to be so. But Defendants do not explain *why* the material should be kept |
| 8 | secret. There is no indication, for example, that permitting the Complaint to be unsealed |
| 9 | will hurt their competitive standing by revealing trade secrets. And this Court is not bound |
| 10 | by the decisions of the arbitrators and Delaware Chancery court as to whether the action |
| 11 | should be kept under seal."). |
| 12 | Thus, the motion is denied without prejudice. To the extent that the Republic of |
| 13 | Kazakhstan wishes to try again, it must include—for each document it wishes to file under |
| 14 | seal—a specific description of the document and compelling reasons for sealing that |
| 15 | document, supported by specific facts. The more specific and compelling the reasons and |
| 16 | facts provided are, the more likely it is that the Court will find that compelling reasons |
| 17 | justify sealing the documents. |
| 18 | Accordingly, |
| 19 | **IT IS ORDERED** denying without prejudice the Republic of Kazakhstan's Motion |
| 20 | for Leave to File Documents Under Seal (Doc. 4). |
| 21 | Dated this 9th day of October, 2019. |

Dominic W. Lanza
United States District Judge