**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Republic of Kazakhstan, | No. MC-19-00035-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| William Scott Lawler, | |
| Respondent. | |

Pending before the Court is the Republic of Kazakhstan's Renewed Motion for Leave to File Documents Under Seal (Doc. 8) and supporting memorandum (Doc. 10). For the reasons stated below, the motion will be granted in part and denied in part.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks

omitted). The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).

The Republic of Kazakhstan initiated this case by filing an application under 28 U.S.C. § 1782 for a subpoena to compel an Arizona resident to testify in, and produce certain evidence concerning, a pending international investor-state arbitration. (Doc. 1.) That application was heavily redacted. (*Id.*) An unredacted application and accompanying exhibits were lodged. (Doc. 3.)

The Court denied the Republic of Kazakhstan's first motion to seal (Doc. 4), noting that the short motion did not attempt to "*articulate compelling reasons* supported by *specific factual findings* that outweigh the general history of access and the public policies favoring disclosure . . . ." (Doc. 5 at 2; *see also* LRCiv 5.6(b) ("Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal . . . .").)

On October 22, 2019, the Republic of Kazakhstan filed a redacted amended application. (Doc. 7.)[1] In support of the redacted amended application, the Republic of Kazakhstan also filed several exhibits, some of which contain redactions[2] and some of which don't.[3] An unredacted amended application was lodged (Doc. 9-1), and unredacted versions of the redacted exhibits were likewise lodged.[4] The Republic of Kazakhstan also

---

[1] The amended application supersedes the original application that was filed at Doc. 1. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990).

[2] The exhibits containing redactions are Doc. 7-1 (memorandum of law in support of the application), Doc. 7-5 (arbitration request), Doc. 7-6 (arbitration brief on jurisdiction), Doc. 7-7 (arbitration request for production of documents), and Doc. 7-9 (letter from arbitration tribunal).

[3] The exhibits not containing any redactions are Doc. 7-2 (proposed subpoena), Doc. 7-3 (proposed order), Doc. 7-4 (Duffy declaration), and Doc. 7-8 (arbitration procedural order).

[4] The unredacted version of the memorandum of law in support of the application (Doc. 7-1) is lodged at Doc. 9-2, the arbitration request (Doc. 7-5) at Doc. 9-3, the arbitration brief on jurisdiction (Doc. 7-6) at Doc. 9-4, the arbitration request for production of documents (Doc. 7-7) at Doc. 9-5, and the letter from arbitration tribunal (Doc. 7-9) at Doc. 9-6.

1  filed a second motion to seal (Doc. 8), and this time the motion is supported by a
2  memorandum of law articulating the reasons that justify sealing. (Doc. 10.)

3  The Court has carefully reviewed the redactions in the amended application (Doc.
4  7) and has determined that the information redacted from this document meets the
5  *Kamakana* standard—the Republic of Kazakhstan's interest in maintaining confidentiality
6  outweighs the public policy favoring disclosure, especially considering that the redaction
7  of the particular information at issue here will not interfere with the public's ability to
8  evaluate and understand these proceedings. The Court will therefore allow the unredacted
9  amended application (Doc. 9-1) to be filed under seal.

10  As for the exhibits to the amended application, the Court concludes that the
11  redactions appearing in Doc. 7-1 (memorandum of law in support of the application), Doc.
12  7-5 (arbitration request), Doc. 7-6 (arbitration brief on jurisdiction), and Doc. 7-7
13  (arbitration request for production of documents) meet the *Kamakana* standard for the same
14  reasons. Thus, the Court will allow the unredacted versions of these documents—Doc. 9-
15  2 (memorandum of law in support of the application), Doc. 9-3 (arbitration request), Doc.
16  9-4 (arbitration brief on jurisdiction), and Doc. 9-5 (arbitration request for production of
17  documents)—to be filed under seal.

18  In contrast, the redactions appearing in Doc. 7-7 (arbitration request for production
19  of documents) do not meet the *Kamakana* standard. The Court is not convinced that the
20  information subject to the redaction request is sensitive or that its disclosure would result
21  in any harm. Accordingly, the Court will not agree to seal the unredacted version of this
22  document (Doc. 9-6).

23  The Republic of Kazakhstan also lodged one additional document as part of its
24  sealing request. This document, which appears at Doc. 9, appears to be identical to the
25  memorandum that was publicly filed at Doc. 10 (which doesn't contain any redactions).
26  The Republic of Kazakhstan has therefore failed to establish, under *Kamakana*, why this
27  particular document needs to be filed under seal.

28  …

Accordingly,

**IT IS ORDERED** that the Republic of Kazakhstan's Renewed Motion for Leave to File Documents Under Seal (Doc. 8) is **granted in part and denied in part**. The Clerk of Court shall filed under seal the unredacted application (Doc. 9-1) and the exhibits at Doc. 9-2, 9-3, 9-4, and 9-5. In contrast, the documents lodged at Doc. 9 and 9-6 will not be filed.

Dated this 23rd day of October, 2019.

Dominic W. Lanza
United States District Judge