**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Republic of Kazakhstan,<br><br>Petitioner,<br><br>v.<br><br>William Scott Lawler,<br><br>Respondent. | No. MC-19-00035-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Petitioner Republic of Kazakhstan's *ex parte* application under 28 U.S.C. § 1782 for leave to serve a subpoena on Respondent William Scott Lawler. (Doc. 7.) For the following reasons, the Court will grant the application.

**BACKGROUND**

The arbitration proceedings giving rise to this application concern a dispute between Big Sky Energy Corporation ("Big Sky"), a Nevada corporation, and the Republic of Kazakhstan ("Kazakhstan"). (Doc. 7 at 1-2.) At issue is the invalidation by a Kazakhstani court of a transfer of oil rights from KoZhaN LLP, a Kazakh company, to a Canadian special purpose vehicle called Big Sky Energy Kazakhstan LLP, which is wholly owned by Big Sky. (*Id.* at 5.) In 2017, Big Sky commenced arbitration proceedings against Kazakhstan before the International Centre for Settlement of Investment Disputes ("Centre"), alleging that the Kazakhstani courts' invalidation of the transfer violated a bilateral investment treaty between the United States and Kazakhstan. (*Id.* at 6.)

Kazakhstan seeks to raise a jurisdictional defense in the arbitration. (*Id.* at 6-7.)

Specifically, the bilateral investment treaty at issue allows either country to deny treaty protection "to any company that is controlled by non-U.S. nationals if that company does not conduct substantial business activities in the United States." (*Id*. at 7.) Through the requested subpoena to William Lawler, Big Sky's sole officer and director, Kazakhstan seeks to obtain evidence addressing, *inter alia*, the identity of the parties that control Big Sky. (Doc. 7-2.)

## *EX PARTE* NATURE OF PETITION

Kazakhstan has requested relief on an *ex parte* basis. "[A]n ex parte application is an acceptable method for seeking discovery pursuant to 28 U.S.C. § 1782." *In re Application of Ontario Principals' Council*, 2014 WL 3845082, *2 (D. Ariz. 2014). "[S]uch ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Letter of Request from Supreme Court of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991). *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto *ex parte*. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."). As such, the Court will consider the application on an *ex parte* basis.

## DISCUSSION

The decision whether to grant a § 1782 application involves a two-step inquiry. First, the application must meet the statutory requirements of § 1782. *See, e.g., Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004). Second, even if the statutory requirements are satisfied, several discretionary factors bear on whether relief ought to be granted. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). "[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Id*.

…

I. Statutory Requirements

A district court has the authority to issue a discovery order under § 1782 when three criteria are satisfied. The application must show that (1) the person from whom discovery is sought "resides or is found" in the same district as the district court, (2) the discovery material is to be "use[d] in a foreign or international tribunal," and (3) the application is brought by "a foreign or international tribunal or . . . any interested person." 28 U.S.C. § 1782(a).

Here, all three criteria are satisfied. First, Kazakhstan has alleged that Lawler resides in Arizona and has a business address in Arizona. (Doc. 7 at 3.)

Second, the purpose of the application is to acquire information for use in the Centre's arbitration proceeding. (Doc. 7 at 13-14.) District courts "have regularly found that arbitrations conducted pursuant to Bilateral Investment Treaties . . . qualify as international tribunals under the statute. . . . [A]rbitrations pursuant to Bilateral Investment Treaties are not merely private arrangements; they are sanctioned by their governments [and] governments participate in them . . . ." *Islamic Republic of Pakistan v. Arnold & Porter Kaye Scholer LLP*, 2019 WL 1559433, *7 (D.D.C. 2019).

Third, Kazakhstan is a party to the arbitration at issue. (Doc. 7 at 3.) As such, it qualifies as an "interested person": "No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256.

II. Discretionary Factors

In *Intel*, the Supreme Court identified the following four "factors that bear consideration in ruling on a § 1782(a) request":

(1) Whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid";

(2) "[T]he nature of the foreign tribunal, the character of the proceedings

underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) Whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) Whether the request is "unduly intrusive or burdensome."

542 U.S. at 264-65. Here, all four factors weigh in favor of granting the application.

First, the application alleges that Big Sky, rather than Lawler, is a party to the arbitration. (Doc. 7 at 3.) As such, Lawler is a nonparticipant in the matter for which discovery is sought.

Second, the Centre is receptive to the requested discovery. Kazakhstan apprised the Centre of its intention to file this § 1782 application and the Centre did not object. (*Id.* at 13-14.) The Centre had previously ordered Big Sky to produce similar information but Big Sky failed to do so. (*Id.* at 7-11.) Given the Centre's apparent permission to file this application and desire for the requested evidence, the Centre seems receptive to the Court's assistance.

Third, for similar reasons, this request is not an attempt to circumvent the Centre's discovery restrictions.

Fourth, this request does not appear to be unduly intrusive or burdensome. The proposed subpoena requests documentary and testimonial evidence from Lawler bearing upon whether non-U.S. individuals control Big Sky. (Doc. 7-2.) Rather than request "any and all" documents, the subpoena seeks "documents sufficient to identify" this information. (*Id*.) Kazakhstan has also explained in its application, to the Court's satisfaction, why the requested information may be relevant to the arbitration proceeding. (Doc. 7 at 6-7.)

..

…

…

…

Accordingly, **IT IS ORDERED** that the *ex parte* application under 28 U.S.C. § 1782 (Doc. 7) is **granted**.

Dated this 28th day of October, 2019.

Dominic W. Lanza
United States District Judge