**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Republic of Kazakhstan,<br><br>Petitioner,<br><br>v.<br><br>William Scott Lawler,<br><br>Respondent. | No. MC-19-00035-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Respondent William Lawler's motion to seal. (Doc. 20.) For the following reasons, the motion will be granted in part and denied in part.

The Republic of Kazakhstan ("Kazakhstan") initiated this action by filing an application under 28 U.S.C. § 1782 for a subpoena to compel Lawler to testify in, and produce certain evidence concerning, a pending international investor-state arbitration. (Doc. 1.)

On October 23, 2019, the Court granted Kazakhstan's renewed motion to seal. (Doc. 11.)

On October 28, 2019, the Court granted Kazakhstan's § 1782 application. (Doc. 16.) Kazakhstan served the subpoena on Lawler two days later. (Doc. 18.)

On November 22, 2019, Lawler filed a redacted motion to quash the subpoena (Doc. 19) and simultaneously filed a motion to file, under seal, an unredacted version of the motion and its attached exhibits (Doc. 20).

The public has a general right to inspect judicial records and documents, such that

a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted). The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).

As an initial matter, Lawler has complied with LRCiv 5.6(b)'s procedural requirement of "set[ting] forth a clear statement of the facts and legal authority justifying the filing of the document under seal." (Doc. 20.) The publicly-filed declaration of Lawler's counsel contains no redactions (Doc. 19-1) but the publicly-filed motion to quash and supporting exhibits are all substantially redacted (Docs. 19, 19-2, 19-3, 19-4, 19-5, 19-6, 19-7, and 19-8).

The Court has reviewed the motion to quash (Doc. 19) and has determined that nearly all of the redactions are appropriate. The redaction of the factual background, procedural history of the arbitration, findings made by the tribunal, and arguments made before the tribunal meets the *Kamakana* standard. The interest in maintaining confidentiality for both Kazakhstan and Big Sky, the confidentiality order by the tribunal, and the fact these redactions do not interfere with the public's ability to evaluate and understand these proceedings collectively outweigh the public policy favoring disclosure. However, the redaction of the first complete sentence on page 16 of the motion (concerning Lawler's alternative request to delay the Court's decision) renders that request

incomprehensible to the public. (Doc. 19 at 17.) It does not go to the merits of any argument made before the arbitration tribunal or identify any finding made by the tribunal, and it's difficult to see how disclosing it would prejudice either party. The Court recognizes that the parties have been ordered by the tribunal to maintain confidentiality, but a party "may not establish that . . . documents are sealable simply by showing that they are subject to a protective order." *Powertech Tech. Inc. v. Tessera, Inc.*, 2012 WL 3283421, *2 (N.D. Cal. 2012). As to this particular redaction, the motion to seal is denied.

Turning to the exhibits, the Court finds that the redactions appearing in Doc. 19-2 (the tribunal's ruling on a document production request), Doc. 19-3 (arbitration request for production of documents), Doc. 19-4 (letter from tribunal to the parties), Docs. 19-5, 19-6, and 19-8 (letters from counsel to the tribunal), and 19-7 (tribunal decision on request for bifurcation) meet the *Kamakana* standard. None of these documents are publicly available and all are subject to the tribunal's confidentiality order. (Doc. 20 at 5-8.) Further, the interest in maintaining confidentiality for both Kazakhstan and Big Sky and the fact that these redactions do not interfere with the public's ability to evaluate and understand these proceedings collectively outweigh the public interest in disclosure.

Accordingly, **IT IS ORDERED** that Lawler's motion for leave to file documents under seal (Doc. 20) is **granted in part and denied in part**. The Clerk of Court shall file under seal the exhibits at Docs. 21-1, 21-2, 21-3, 21-4, 21-5, 21-6, and 21-7 (these are the unredacted versions of the documents appearing at Docs. 19-2, 19-3, 19-4, 19-5, 19-6, 19-7, and 19-8).

…

…

…

…

…

…

…

**IT IS FURTHER ORDERED** that the unredacted motion to quash (Doc. 21) will not be filed at this time. Instead, pursuant to LRCiv 5.6(e), Lawler may resubmit a new version of the redacted motion to quash (Doc. 19) that omits any redaction on page 16, lines 2-4. If and when such a new version is resubmitted, the Clerk of Court shall file the unredacted motion to quash (Doc. 21) under seal.

Dated this 10th day of December, 2019.

Dominic W. Lanza
United States District Judge