**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Republic of Kazakhstan, | No. MC-19-00035-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| William Scott Lawler, | |
| Respondent. | |

Pending before the Court is the Republic of Kazakhstan's ("Kazakhstan") motion to seal. (Doc. 26.) For the following reasons, that motion will be granted in part and denied in part.

On October 8, 2019, Kazakhstan initiated this action by filing an application under 28 U.S.C. § 1782 for a subpoena to compel William Scott Lawler to testify in, and produce certain evidence concerning, a pending international investor-state arbitration. (Doc. 1.) The Court granted a renewed motion to seal on October 23, 2019. (Doc. 11.)

On October 28, 2019, the Court granted Kazakhstan's § 1782 application. (Doc. 16.) Kazakhstan served the subpoena on Lawler two days later. (Doc. 18.)

On November 22, 2019, Lawler filed a redacted motion to quash the subpoena (Doc. 19) and simultaneously filed a motion to file under seal an unredacted version of the motion and its attached exhibits (Doc. 20).[1]

---

[1] The Court granted in part and denied in part Lawler's motion to seal. (Doc. 27.) Lawler subsequently filed a revised, redacted motion to quash in compliance with that order. (Doc. 29.)

On December 9, 2019, Kazakhstan filed a redacted response to Lawler's motion to quash (Doc. 24) and simultaneously filed a motion to seal an unredacted version of that response and its attached exhibits (Doc. 26).

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id*. at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (internal quotation marks omitted). The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).

As an initial matter, Kazakhstan has complied with LRCiv 5.6(b)'s procedural requirement of "set[ting] forth a clear statement of the facts and legal authority justifying the filing of the document under seal." (Doc. 26.) The publicly-filed declaration of Kazakhstan's counsel contains no redactions (Doc. 24-1) but the publicly-filed response to the motion to quash and supporting exhibits both contain significant redactions (Docs. 24, 24-2, and 24-3).

The Court has carefully reviewed the response to the motion to quash (Doc. 24) and has determined that nearly all the redactions are appropriate. The redactions primarily relate to arguments made before the tribunal, findings of the tribunal, and communications between Lawler and his counsel. In some cases, the redactions are so minor that they do not interfere with public understanding. These redactions meet the *Kamakana* standard

because the interest in maintaining confidentiality of both Kazakhstan and Big Sky, the confidentiality order by the tribunal, and the fact these redactions do not interfere with the public's ability to evaluate and understand these proceedings collectively tend to outweigh the public policy favoring disclosure. However, the first redaction on page six of the response (quoting from Lawler's motion to quash) does not meet the *Kamakana* standard: this quotation is taken from the publicly available portion of Lawler's motion filed in this Court (Doc. 19 at 10, lines 7-8), and there's no reason to hide something that's already in plain view. Additionally, the formatting of footnotes seven, ten, and twelve as uploaded to the Electronic Case Filing system make it impossible for the Court to assess what has been redacted. Given the strong presumption in favor of disclosure, the Court cannot presume the redactions are appropriate.

As for the exhibits, the Court finds that the redactions appearing in Doc. 24-2 (letter from Big Sky's counsel to the tribunal) and Doc. 24-3 (another letter from Big Sky's counsel to the tribunal) meet the *Kamakana* standard. Neither of these documents is publicly available and both are subject to the tribunal's ongoing confidentiality order. (Doc. 26 at 3-4.) Further, the interest in maintaining confidentiality of both Kazakhstan and Big Sky and the fact these redactions do not interfere with the public's ability to evaluate and understand these proceedings collectively outweigh the public interest in disclosure.

Accordingly, **IT IS ORDERED** that Kazakhstan's motion for leave to file documents under seal (Doc. 26) is **granted in part and denied in part**. The Clerk of Court shall file under seal the exhibits at Docs. 25-1 and 25-2 (these are the unredacted versions of the documents appearing at Docs. 24-2 and 24-3).

**IT IS FURTHER ORDERED** that Kazakhstan's unredacted response to the motion to quash (Doc. 25) will not be filed at this time. Instead, pursuant to LRCiv 5.6(e), Kazakhstan may resubmit a new version of the redacted response to the motion to quash (Doc. 24) that omits any redaction on page six, line five, and clarifies the scope of redaction in footnotes seven, ten, and twelve. When such a new version is resubmitted, the Court

will review the redaction in footnotes seven, ten, and twelve to determine whether it meets the *Kamakana* standard. If so, the Court will then, by separate order, instruct the Clerk of Court to file the unredacted response to the motion to quash (Doc. 25) under seal.

Dated this 13th day of December, 2019.

Dominic W. Lanza
United States District Judge