**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Republic of Kazakhstan, | No. MC-19-00035-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| William Scott Lawler, | |
| Respondent. | |

Pending before the Court is the Republic of Kazakhstan's ("Kazakhstan") motion to seal. (Doc. 26.) In response to the Court's prior order (Doc. 30) and pursuant to LRCiv 5.6(e), Kazakhstan has resubmitted a redacted response to William Scott Lawler's motion to quash (Doc. 33). For the following reasons, the motion for leave to file under seal will be granted.

On October 8, 2019, Kazakhstan initiated this action by filing an application under 28 U.S.C. § 1782 for a subpoena to compel William Scott Lawler to testify in, and produce certain evidence concerning, a pending international investor-state arbitration. (Doc. 1.) The Court granted a renewed motion to seal on October 23, 2019. (Doc. 11.)

On October 28, 2019, the Court granted Kazakhstan's § 1782 application. (Doc. 16.) Kazakhstan served the subpoena on Lawler two days later. (Doc. 18.)

On November 22, 2019, Lawler filed a redacted motion to quash the subpoena (Doc. 19) and simultaneously filed a motion to file under seal an unredacted version of the motion

and attached exhibits (Doc. 20).[1] On December 9, 2019, Kazakhstan filed a redacted response to Lawler's motion to quash (Doc. 24) and simultaneously filed a motion to seal (Doc. 26).

On December 13, 2019, the Court granted in part and denied in part Kazakhstan's motion to file under seal, directing Kazakhstan to omit redactions on page six, line five, and clarify the scope of redaction in footnotes seven, ten, and twelve. (Doc. 30.) Kazakhstan filed a revised redacted version of its response brief the same day. (Doc. 33.)

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id*. at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (internal quotation marks omitted). The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).

As noted in the prior order (Doc. 30), Kazakhstan has complied with LRCiv 5.6(b)'s procedural requirement of "set[ting] forth a clear statement of the facts and legal authority justifying the filing of the document under seal" (Doc. 26). The Court has reviewed the redactions in footnotes seven, ten, and twelve of Kazakhstan's revised redacted response. Footnote ten no longer contains redactions. (Doc. 33 at 13.) The remaining redactions in

---

[1] The Court granted in part and denied in part Lawler's motion to seal. (Doc. 27.) Lawler subsequently filed a revised, redacted motion to quash in compliance with that order. (Doc. 29.)

footnotes seven and twelve concern facts and matters before the tribunal. (Doc. 33 at 9, 16.) These redactions meet the *Kamakana* standard because the information is subject to an ongoing confidentiality order, Big Sky and Kazakhstan have a continuing interest in maintaining confidentiality, and the redaction of these facts does not impede the public's ability to understand the proceedings before this Court, which relate solely to Kazakhstan's attempts to discover information it believes to be in Lawler's possession. (*Id*.) The foregoing concerns collectively outweigh the public policy favoring disclosure.

Accordingly, **IT IS ORDERED** that Kazakhstan's motion for leave to file documents under seal (Doc. 26) is **granted**. The Clerk of Court shall file Doc. 25 under seal (this is the unredacted version of Doc. 33).

Dated this 16th day of December, 2019.

_____
Dominic W. Lanza
United States District Judge