**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Republic of Kazakhstan, | No. MC-19-00035-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| William Scott Lawler, | |
| Respondent. | |

Pending before the Court is William Scott Lawler's motion to seal. (Doc. 38.) For the following reasons, that motion will be granted.

On October 8, 2019, the Republic of Kazakhstan ("Kazakhstan") initiated this action by filing an application under 28 U.S.C. § 1782 for a subpoena to compel Lawler to testify in, and produce certain evidence concerning, a pending international investor-state arbitration. (Doc. 1.) The Court granted a renewed motion to seal on October 23, 2019. (Doc. 11.)

On October 28, 2019, the Court granted Kazakhstan's § 1782 application. (Doc. 16.) Kazakhstan served the subpoena on Lawler two days later. (Doc. 18.)

On November 22, 2019, Lawler filed a redacted motion to quash the subpoena (Doc. 19) and simultaneously filed a motion to file under seal an unredacted version of the motion and attached exhibits (Doc. 20).[1]

---

[1] The Court granted in part and denied in part Lawler's motion to seal. (Doc. 27.) Lawler subsequently filed a revised, redacted motion to quash in compliance with that order. (Doc. 29.)

On December 9, 2019, Kazakhstan filed a redacted response to Lawler's motion to quash (Doc. 24) and simultaneously filed a motion to seal (Doc. 26). The Court granted Kazakhstan's renewed motion to seal on December 16, 2019. (Doc. 35.)

On December 16, 2019, shortly after the Court granted Kazakhstan's renewed motion to seal, Lawler filed a reply (Doc. 37) and an accompanying motion to seal (Doc. 38).

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id*. at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. (internal quotation marks omitted). The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).

To begin with, Lawler has complied with LRCiv 5.6(b)'s procedural requirement of "set[ting] forth a clear statement of the facts and legal authority justifying the filing of the document under seal." (Doc. 38.) The publicly-filed declaration of Lawler's counsel (Doc. 37-1) and one of the exhibits (Doc. 37-5) contain no redactions. The publicly-filed reply to Kazakhstan's response (Doc. 37) and the other attached exhibits (Docs. 37-2, 37-3, and 37-4) are substantially redacted.

The Court has carefully reviewed Lawler's reply and has determined that all of the redactions are appropriate. The redactions relate to arguments made before the tribunal,

findings of the tribunal, actions taken (or not taken) by the tribunal. In some cases, the redactions are so minor that they do not interfere with public understanding. These redactions meet the *Kamakana* standard because the interest in maintaining confidentiality for both Kazakhstan and Big Sky, the confidentiality order by the tribunal, and the fact these redactions do not interfere with the public's ability to evaluate and understand these proceedings collectively tend to outweigh the public policy favoring disclosure. Additionally, the increasingly voluminous nature of the motions to seal in this case mean that the Court has elsewhere approved redaction of much of the language redacted from this reply.

Turning to the exhibits, the Court finds that the redactions appearing in Doc. 37-2 (letter from Kazakhstan's counsel to the tribunal), Doc. 37-3 (letter from Big Sky's counsel to the tribunal), and Doc. 37-4 (findings made by the tribunal) meet the *Kamakana* standard. None of these documents are publicly available and all are subject to the tribunal's ongoing confidentiality order. Further, the interest in maintaining confidentiality for both Kazakhstan and Big Sky and the fact that these redactions do not interfere with the public's ability to evaluate and understand these proceedings collectively outweigh the public interest in disclosure.

Accordingly, **IT IS ORDERED** that Lawler's motion for leave to file documents under seal (Doc. 38) is **granted**. The Clerk of Court shall file under seal the exhibits at Docs. 39, 39-1, 39-2, and 39-3 (these are the unredacted versions of the documents appearing at Docs. 37, 37-2, 37-3, and 37-4).

Dated this 18th day of December, 2019.

_____
Dominic W. Lanza
United States District Judge